So Ordered: Judith Bowler 11·23·05

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH

| In re: | Bankruptcy No. 05-31119 |
|---|---|
| LY THI JENSEN, | Chapter 13 |
| Debtor. | |

**MEMORANDUM DECISION AND ORDER ON DEBTOR'S OBJECTION TO PROOF OF CLAIM #4 OF SENTINEL INVESTIGATIONS, INC.**

### I. INTRODUCTION

The Debtor objects to Claim #4 (Objection) filed by Sentinel Investigations, Inc. (Sentinel) as a claim secured by judgment liens on the Debtor's real property, arguing that Sentinel is merely an unsecured creditor and that the amount owed is less than the amount claimed.[1] The Objection requires resolution of three issues – (1) whether Sentinel has judgment liens on the Debtor's real property in Uintah and Duchesne Counties; (2) whether Sentinel is entitled to post-judgment fees and costs; and (3) the amount of Sentinel's claim in this bankruptcy case. The parties have stipulated to essentially all of the relevant facts in this matter except the proper amount of post-judgment fees to be awarded Sentinel, if any.

---

[1] The parties ultimately agreed to the judgment debt balance in their Stipulated Facts and at the hearing, but a brief discussion of the issue is still necessary as set forth in Section III.C.



This is a core matter under 28 U.S.C. § 157(b)(2)(B), and although this claim objection is actually an attempt to determine the validity, priority, or extent of a lien that should have been brought as an adversary proceeding, the parties have not objected to the procedure adopted to resolve the dispute.

## II. FACTS

Judgment in Sentinel's favor was entered against the Debtor in the Eighth Judicial District Court for Uintah County in 1993 (Original Judgment). Before the Original Judgment's statutory eight-year life came to an end, Sentinel brought suit and obtained a renewed judgment against the Debtor on December 3, 2001 (Renewed Judgment). This Renewed Judgment was then amended on March 24, 2003 solely to change the Debtor's name from Kim Jensen to Ly Thi Jensen (Amended Renewed Judgment). Both the Renewed Judgment and the Amended Renewed Judgment were for $13,834.41 plus 18% per annum post-judgment interest, with both judgments also providing that "this judgment shall be augmented in the amount of reasonable costs and attorney fees expended in collecting said judgment by execution or otherwise as shall be established by affidavit." The Debtor was actively involved in the Eight District Court proceedings throughout the period in which the case caption contained the name Kim Jensen, and the Debtor filed the present bankruptcy case as Ly Thi Jensen dba Kim's Café aka Kim Jensen.

Following entry of the Amended Renewed Judgment, Sentinel obtained an Abstract of Judgment (Abstract) from the Eight District Court Clerk and recorded the Abstract and an Amended Information Statement of Judgment Creditor (Separate Information Statement) in both the Uintah and Duchesne County Recorders' offices. In Uintah County, the recording was accomplished in person, and both the two-page Abstract and two page Separate Information

Statement were recorded as one four-page document with the entry number 2003002883 in Book 835 at pages 637-640. In Duchesne County, the recording was accomplished by mail, and the Abstract and Separate Information Statement were recorded in Book A393 as two separate but consecutive documents with entry numbers 301126 and 301127 and beginning page numbers 380 and 382, respectively. Although Sentinel's Response to the Objection asserts that "counsel for Sentinel Investigations requested the Duchesne County Recorder to record [the Abstract and Separate Information Statement] as one document, Rachelle Palmer – counsel for Sentinel in relevant portions of the Eighth District litigation – provided uncontroverted direct examination testimony that no such request had actually been made. Exhibit I, consisting of the Sentinel's document filing request and the receipt from the Duchesne County Recorder, corroborates this testimony.

Sentinel's bankruptcy counsel, Richard Terry, filed an Affidavit of Attorney Fees received as Exhibit L describing his firm's postpetition services on behalf of Sentinel and requesting a total of $2,533.00 in attorney fees. Ms. Palmer submitted both a prepetition fee application (Prepetition Fee Application) and postpetition fee application (Postpetition Fee Application) describing her firm's services on behalf of Sentinel. The Prepetition Fee Application covers services performed from entry of the Renewed Judgment until the petition date of this bankruptcy case and requests a total of $3,578.90 in fees and costs. The Postpetition Fee Application requests $1,237.10.

### III. DISCUSSION

A. **Judgment Liens**

There are no disputed factual issues regarding the recording of the Abstracts and Separate Information Statements in Uintah and Duchesne Counties. Both parties essentially state that the

documents speak for themselves and, in an apparent case of first impression, seek a determination as to the documents' compliance with UTAH CODE ANN. § 78-22-1.5. Such an analysis involves the intricate intersection of several statutory provisions.

First, § 78-22-1.5(3)(a) provides that "[o]n or after July 1, 2002, . . . a judgment entered in a district court does not create a lien upon or affect the title to real property unless the judgment or an abstract of judgment is recorded in the office of the county recorder in which the real property of the judgment debtor is located."[2]

Second, § 78-22-1.5(4) provides that "[i]n addition to the requirements of Subsections (2) and (3)(a), . . . any judgment or abstract of judgment that is recorded in the office of a county recorder after July 1, 2002, **shall include**: (a) the information identifying the judgment debtor on the judgment or abstract of judgment; **or** (b) a copy of the separate information statement of the judgment that contains" certain specified information.[3]

Finally, § 78-22-1.5(6) provides as follows:

> (a) Any judgment that requires the payment of money and is entered in a district court on or after September 1, 1998, or any judgment or abstract of judgment that is recorded in the office of a county recorder after July 1, 2002, **that does not include the debtor identifying information as required in Subsection (4)** is not a lien until a separate information statement of the judgment creditor is recorded in the office of a county recorder in compliance with Subsections (4) and (5).
> (b) The separate information statement of the judgment creditor referred to in Subsection (6)(a) shall include:
>
> . . .

---

[2] UTAH CODE ANN. § 78-22-1.5(3)(a).

[3] UTAH CODE ANN. § 78-22-1.5(4)(a)-(b) (emphasis added). The Court presumes from the statutory history and structure that the "information identifying the judgment debtor" in subsection (4)(a) is equivalent to the five pieces of information required by subsection (4)(b). See UTAH CODE ANN. § 78-22 1.5(2) (3) (effective May 4, 1998 until July 1, 2002). The parties agree that the requirements of subsection (4)(b) have been met.

  (ii) the date of recording; and

  (iii) the entry number of the original judgment or abstract of judgment.[4]

The issue raised by the Debtor is whether the Separate Information Statements comply with § 78-22-1.5(6)(b), because neither one contains the date of recording or the entry number of its associated Abstract. Sentinel responds that subsection (6)(b) is inapplicable to its recordings, so the additional information required by that subsection need not be provided in order for a lien to arise.

The Utah Supreme Court has stated that the "primary goal of interpreting statutes is to give effect to the legislative intent, as evidenced by the plain language, in light of the purpose the statute was meant to achieve. Only if we conclude that the statutory language is ambiguous do we look to legislative history and other policy considerations for guidance."[5] "However, the fact that the parties offer differing constructions of the statute, in and of itself, does not mean that the statute is ambiguous."[6] As noted by the Tenth Circuit, it is also a "cardinal principle" of statutory construction that courts are to "give effect, if possible, to every clause and word of a statute rather than to emasculate an entire section."[7]

The Debtor errs in reading the statute as requiring **all** "separate information statements" associated with money judgments to contain the information required by subsection (6)(b). The plain language of subsection (6)(a) states only that no lien arises based on recorded abstracts

---

  [4] UTAH CODE ANN. § 78-22-1.5(6)(a)-(b) (emphasis added). The parties do not dispute that the judgments at issue are judgments "that require[] the payment of money," and they do not dispute that subsection (6)(a) is applicable to such judgments.

  [5] *Anderson Dev. Co. v. Tobias*, 116 P.3d 323, 335-36 (Utah 2005) (internal citations and quotes omitted).

  [6] *Kitches & Zorn, L.L.C. v. Yong Woo Kim*, 112 P.3d 1210, 1212 (Utah App. 2005) (internal diacritics omitted).

  [7] *Lamb v. Thompson*, 265 F.3d 1038, 1051 (10th Cir. 2001).

"that **do[] not include** the debtor identifying information as required in Subsection (4)" until a separate information statement is filed – not subsection (4)(a) or (4)(b), just subsection (4). In turn, subsection (4) envisions one recorded abstract that either **shall include** the information in subsection (4)(a) on the abstract itself or **shall include** a copy of the separate information statement. Thus, although the term "separate information statement" does contemplate a distinct document in the sense of being different from the abstract itself, subsection (4) also contemplates that the "separate information statement" will be part and parcel of, or "included" in, a single recording in the county recorder's office. This is precisely what occurred with respect to the Uintah County recording; thus, Sentinel properly created a judgment lien on the Debtor's real property in Uintah County.[8]

Likewise, Sentinel misreads subsection (4) when it asserts that both Abstracts "include the debtor identifying information as required in Subsection (4)" as set forth in subsection (6)(a). Sentinel's interpretation of the statute would also render subsection (6)(b) a mere suggestion and surplusage no matter where an abstract and separate information statement were recorded with respect to each other.[9] For the same reasons that Sentinel's Uintah County recording does "include" a copy of the Separate Information Statement with the Abstract, the Duchesne County recording does not. In Duchesne County, the Abstract and Separate Information Statement were

---

[8] The Debtor attempted briefly on cross-examination of Ms. Palmer to make hay of boilerplate in the Uintah County Sheriff's keeper's receipt (Exhibit J) to the effect that only the Debtor's "personal property" in Uintah County had been executed against. This argument is unavailing for two reasons. First, the handwritten entries on the keeper's receipt clearly match the lettered items in the associated praecipe, which includes the Debtor's interests in real property. Second, the validity of execution against the Debtor's property is irrelevant to the existence of a judgment lien. *See Yong Woo Kim*, 112 P.3d at 1214, n. 3 (distinguishing between the creation of liens and the execution of writs).

[9] *U.S. v. Ceballos-Martinez*, 387 F.3d 1140 (10th Cir. 2004) (rejecting a reading of FED. R. APP. P. 4(c)(1) that would render the Rule's requirements "mere suggestions" and "surplusage").

recorded as distinct, albeit consecutive, documents. This is insufficient under the plain language of subsection (4) and thus insufficient to create a lien under the first part of subsection (6)(a). As such, Sentinel's Separate Information Statement had to comply with subsection (6)(b), and neither party disputes that the information required by subsections (6)(b)(ii) and (iii) was not provided. Accordingly, no lien was created as against the Debtor's Duchesne County real property.[10]

To the extent any ambiguity is created by the statute, it can only be by virtue of similarities in language between subsections (4) and (6)(b) compounded by the statute's lack of a definition for the phrase "debtor identifying information." Subsection (4) uses the phrase "information identifying the judgment debtor," which is echoed by subsection (6)(a)'s use of the phrase "debtor identifying information." Similarly, subsections (4)(b) and (6)(a) use the identical phrase of "separate information statement." Although the Court has found the statutory language unambiguous as stated above, the result would be the same if an examination of the statutory history, purpose, and policy were also undertaken.

---

[10] The Court recognizes the case law regarding the sufficiency of "substantial compliance" with respect to the Utah mechanic's lien statute, *see* UTAH CODE ANN. § 38-1-7(2)(b), but this case law is inapplicable to judgment liens. The Utah mechanic's lien statute specifically provides for the sufficiency of "substantial compliance" in certain instances, but the judgment lien statute does not. There is also no other case law allowing a "substantial compliance"-type argument with respect to judgment lien creation. As such, any argument of "substantial compliance" due to the recording proximity of the Duchesne County Abstract and Separate Information Statement must fail. *Cf. Citicorp Real Estate, Inc. v. Banque Arabe Internationale D'Investissement*, 747 S.W.2d 926, 930 (Tex. App.–Dallas 1988, writ denied) (recognizing "substantial compliance" under Texas case law but as allowing "only a minor deficiency in *an element* of the abstract, not complete omission of a "statutorily required element of an abstract" – as occurred in Sentinel's case) (emphasis in original). Similarly, Utah law does not recognize the validity of judgment liens based on "errors" committed by a county recorder's office, so any such equitable arguments must also fail apart from the fact that any claim of recorder "error" in this case would be suspect due to Ms. Palmer's admission that no specific filing directions were ever provided to the Duchesne County Recorder.

Judgment liens are creatures of statute and, as such, judgment creditors must comply with the statutory prerequisites to lien creation.[11] And the general purpose of any judgment lien recording is to put third parties on notice of the existence of an encumbrance against the subject property.[12] But instead of treating recording defects as detrimental only to a judgment lien's priority vis-à-vis other secured creditors, Utah's statutory scheme envisions that **no** lien shall arise until specific recording requirements are met. It is an all-or-nothing proposition, and the Court's foregoing analysis thus harmonizes with Utah's overall statutory scheme.

The purpose and policy of Utah's judgment lien statute are also furthered by the Court's analysis, because the information required by subsection (6)(b) is only useful, and indeed only obtainable, when the separate information statement is recorded as a distinct, subsequent document somewhere following the recorded abstract. Such information is intended to provide third parties viewing the recording books with the information necessary to easily find the prior recorded abstract of judgment. Otherwise, parties would be searching endlessly through the recorder's indexes looking for information on property encumbrances. In this case, the Separate Information Statement was the next sequential document after the Abstract, but what if it had been recorded 10, 50, or 100 documents later? For good reason, neither the statute nor other

---

[11] *See generally* AM. JUR. JUDGMENTS § 361 (August 2005) ("A judgment lien is a creature of statute, and is completely dependent upon the authorizing statute for the terms and limits of its existence."); *see also id.* at § 368 ("A judgment lien does not arise until the judgment is properly abstracted and indexed. . . . The burden is on the judgment creditor to take appropriate action to insure the judicial lien is properly recorded. . . ."); *San Juan Constr. Co, Inc. v. de Arellano (In re San Juan Constr. Co., Inc.*, 14 B.R. 576, 580 (Bankr. D.P.R. 1981) ("A judgment lien is purely a creature of statute. Accordingly the terms and legal effects of the statute are controlling with respect to the existence of a judgment lien and with respect to the rights of the judgment creditor under such a lien. Generally speaking, a statute making provisions for a judgment lien is construed strictly.").

[12] *See* AM. JUR. JUDGMENTS § 368 ("The purpose of the recording provisions is to give constructive notice of judgment liens to subsequent purchasers, encumbrancers and others who may deal with the real estate.").

Utah law makes such unworkable distinctions, and the Court will not create any such distinctions in this case. If the separate information is not included in the abstract recording, then it must comply with subsection (6)(b).

Accordingly, the Court finds that Sentinel has a lien against the Debtor's real property in Uintah County but not in Duchesne County. Pursuant to § 506(a) of the Bankruptcy Code, Sentinel's claim will be treated in the bankruptcy case as secured only "to the extent of the value of [Sentinel's] interest in the estate's interest in" the Uintah County property.

## B. Post-Judgment Fees and Costs

The Debtor relies upon the Utah Supreme Court case of *N.A.R., Inc. v. Walker*, 37 P.3d 1068 (Utah 2001) to support the proposition that Sentinel is not entitled to any award of post-judgment fees and costs despite the language of the state court's Amended Judgment contemplating such amounts. The Debtor argues that *Walker* dictates that post-judgment fees and costs may only be awarded upon a showing that Sentinel's attorney was required to do "considerable additional work" in order to collect the judgment. The Debtor's reliance on *Walker* is misplaced, as it is inapposite to the case at bar.

The threshold requirement of "considerable additional work" applies only when a judgment was taken by default, as in *Walker*, or when a party attempts to augment fees awarded under the presumptive fee schedule in Utah Rule of Civil Procedure 73(d). The state court judgment in this case was not taken by default, and Sentinel did not claim and was not awarded attorney fees in accordance with the presumptive fee schedule in Rule 73(d).[13] Additionally,

---

[13] The Debtor argues in passing that Utah Rule of Judicial Administration 4-505(3), as repealed and substantially adopted into Utah Rule of Civil Procedure 73(b)(5) effective November 1, 2003, requires additional information in Sentinel's fee affidavits because the fees are for services rendered for debt collection purposes to an assignee of the original obligee. This argument presents a clear misreading of the Rules. Sentinel, though obviously trying to collect a debt, has not assigned its

both the Renewed Judgment and Amended Renewed Judgment specifically provide that the judgments "*shall* be augmented in the amount of reasonable costs and attorney fees expended in collecting said judgment by execution or otherwise as shall be established by affidavit" (emphasis added).[14]

Accordingly, the Court exercises its authority as part of the claims adjudication process to determine Sentinel's right to payment of reasonable attorney fees for its prepetition efforts to collect on the state court judgment. Based on the testimony and evidence presented by the parties, the Court finds that $3,449.90 is a reasonable award for Sentinel's state court counsel in light of Sentinel's post-judgment, prepetition collection efforts.[15] Because the Court has no evidence regarding the extent of Sentinel's secured claim in accordance with this Memorandum Decision and Order, the Court finds no basis for any award of postpetition fees and costs at this time.

---

claims to any third party for the purpose of collection. Sentinel is the original judgment creditor trying to enforce its own judgment.

[14] The Court finds unpersuasive the Debtor's argument to the effect that, because the Amended Renewed Judgment says that "this judgment shall be augmented" by reasonable fees and costs, the Court should only calculate such fees and costs from the 2003 entry date of the Amended Renewed Judgment instead of the 2001 entry date of the Renewed Judgment. Both the Renewed Judgment and the Amended Renewed Judgment are identical other than the addition of an "A.K.A." to the Debtor's captioned name, and the Debtor was active in the state court proceedings throughout the period when the "wrong" name was being used. The Debtor provided no authority for her argument other than the language of the Amended Renewed Judgment, and the Court is aware of no such authority.

[15] The Court analyzed the fee applications of Sentinel's state court counsel through the prism of Utah state law, *see generally Amyx v. Columbia House Holdings, Inc.*, 110 P.3d 176 (Utah App. 2005), and $129.00 was deducted from the total amounted requested for vague entries that either stated only "Work on Case or Matter" or contained no description at all of the services performed. The Court also notes that Sentinel's proof of claim lists $38.81 less in fees and costs than requested in the Prepetition Fee Application. The $129.00 was deducted from the total requested in the Prepetition Fee Application.

### C. Sentinel's Claim Amount

The only remaining issue for the Court to address is the proper amount of Sentinel's claim with respect to the balance owing on the original judgment debt. Although the parties alleged no disagreement at the hearing as to the balance, they did so only by way of reference to paragraphs 12 and 13 of the Stipulated Facts. But paragraph 12 is ambiguous and possibly contains one additional $350 payment by the Debtor that is not accounted for on Exhibit N, the source ledger for Sentinel's proof of claim. Because of the credible and uncontroverted testimony of Ms. Palmer regarding Sentinel's calculations, the Court finds that Sentinel's proof of claim states the proper judgment debt balance of $17,768.29, consisting of the original principal judgment balance of $13,747.87 plus post-judgment interest at 18% per annum of $4,020.42.

### IV. CONCLUSION

For all the foregoing reasons, the Court hereby **ORDERS** that Sentinel's total prepetition claim of $21,218.19 – consisting of a judgment debt balance of $17,768.29 and $3,449.90 in post-judgment, prepetition fees and costs – shall be treated as a secured claim to the extent of Sentinel's interest in the estate's interest in the Debtor's Uintah County property, with the balance to be treated as a general unsecured claim. The Court further **ORDERS** that Sentinel shall file an amended proof of claim consistent with the foregoing Memorandum Decision and Order within 30 days of its entry.

---------------------------------------END OF DOCUMENT---------------------------------------

_____ooo0ooo_____

## SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION AND ORDER ON DEBTOR'S OBJECTION TO PROOF OF CLAIM #4 OF SENTINEL INVESTIGATIONS, INC.** has been effected by first-class mail to each party listed below on November 23, 2005.

*Michael L Coffman*

Ly Thi Jensen
HC 69 Box 109A
Randlett, UT 84063
*Debtor*

Richard Terry
39 Exchange Place
Suite 100
Salt Lake City, UT 84111
*Attorney for Creditor*

Scott Mitchell
2469 East 7000 South
Suite 204
Salt Lake City, UT 84121
*Attorney for Debtor*

J. Vincent Cameron
47 West 200 South
Suite 600
Salt Lake City, UT 84101
*Chapter 13 Trustee*

Sentinel Investigations
c/o Dennis L. Judd
461 West 200 South
Vernal, UT 84078-3049
*Creditor*

Office of the United States Trustee
#9 Exchange Place
Suite 100
Salt Lake City, UT 84111-2147